IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MULLINS FOOD PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-15324 |
| | ) | |
| EVEREST PREMIER INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff Mullins Food Products, Inc. ("Mullins") states as follows as its complaint against Defendant Everest Premier Insurance Company ("Everest"):

### **Nature of the Action**

1.      Through its complaint, Mullins seeks a declaration that Everest is obligated to defend it in the putative class action captioned *Otis Winslow, individually and on behalf of all others similarly situated v. Mullins Food Products, Inc.*, Case No. 2023 CH 7953, filed on September 5, 2023 and currently pending in the Circuit Court of Cook County, Illinois ("*Winslow*").

2.      Mullins also seeks to recover damages for Everest's breach of its obligation to defend Mullins in connection with *Winslow* for defense costs.

### **The Parties**

3.      Mullins is a corporation organized under the laws of the state of Illinois with its principal place of business in Broadview, Illinois. Therefore, Mullins is a citizen of Illinois.

4. Everest is a corporation organized under the laws of the Commonwealth of Delaware with its principal place of business in Wilmington, Delaware. Therefore, Everest is a citizen of Delaware.

## Jurisdiction And Venue

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Mullins and Everest are citizens of different states, and the total amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because the claims arise from insurance contracts issued to Mullins in this district, and because Everest's refusal to honor its obligations under the policies has caused Mullins to suffer damages in this district.

## Facts Common to All Counts

**A.     The Policies**

7. Everest issued to Mullins a series of commercial general liability policies under policy nos. CC8GL00007191, CC8GL00007201 and CC8GL00007211, effective for consecutive annual periods from March 31, 2019 to March 31, 2022 (the "Policies"). True and correct copies of the Policies are attached as **Exhibits 1-3**.

8. The Policies contain a Commercial General Liability Coverage Part with a $2 million per occurrence limit for personal and advertising injury with an aggregate limit of $2 million for personal and advertising injury.

9. Through the Policies, Everest agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this

insurance applies. We [Everest] will have the right and duty to defend the insured against any 'suit' seeking those damages."

10.     The Policies provide coverage for "'personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory' during the policy period."

11.     The Policies define "personal and advertising injury," in pertinent part, as "injury, including consequential 'bodily injury,' arising out of one or more of the following offenses: … e. Oral or written publication, in any manner, of material that violates a person's right of privacy …"

12.     Everest issued to Mullins a series of commercial umbrella liability policies under policy nos. XC8CU00028-191, XC8CU00028-201, XC8CU00028-211, effective for consecutive annual periods from March 31, 2019 to March 31, 2022 (the "Umbrella Policies"). True and correct copies of the Umbrella Policies are attached as **Exhibits 4-6**.

13.     The Umbrella Policies contain general aggregate limits of $10 million (Ex. 4) and $5 million (Exs. 5-6).

14.     Through the Umbrella Policies, Everest agreed to "pay on behalf of the 'insured' those sums in excess of the 'retained limit' that the 'insured' becomes legally obligated to pay as damages because of … 'personal and advertising injury' to which this insurance applies[.]"

15.     The Umbrella Policies provide coverage for "'[p]ersonal and advertising injury' … caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory' during the 'policy period.'"

16.     The Umbrella Policies define "personal and advertising injury," in pertinent part, as, "injury, including consequential 'bodily injury,' arising out of one or more of the following

offenses: … e. Oral or written publication, in any manner, of material that violates a person's right of privacy …"

**B.    The *Winslow* Class Action**

17.    On September 5, 2023, Otis Winslow, individually and on behalf of all similarly situated individuals, filed the putative class action captioned *Otis Winslow, individually and on behalf of all others similarly situated v. Mullins Food Products, Inc.*, Case No. 2023 CH 7953, in the Circuit Court of Cook County, Illinois. A true and correct copy of the *Winslow* complaint is attached as **Exhibit 7**.

18.    Mullins is the only defendant named in *Winslow*. *See* Ex. 7 ¶ 11.

19.    The *Winslow* complaint asserts claims on behalf of a putative class consisting of "[a]ll individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period." *See* Ex. 7 ¶ 22.

20.    The *Winslow* complaint alleges that Mullins required workers to provide fingerprint scans to clock in and out of work shifts (Ex. 7 ¶¶ 16-17) and that Mullins

> disseminated electronic information derived from the scanning of Plaintiff's biometric identifiers to third parties, including vendors for timekeeping, data storage, and payroll purposes without obtaining Plaintiff's consent to do so.

(*id.* ¶ 20).

21.    *Winslow* also alleges that Mullins "never sought, nor has Plaintiff ever provided, any written consent relating to Defendant's collection, use, storage, or dissemination of the biometrics." Ex. 7 ¶ 18.

22.    The *Winslow* complaint seeks: statutory damages of $5,000 for each willful or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2); statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); reasonable attorneys' fees, costs,

and other litigation expenses pursuant to 740 ILCS § 14/20(3); and pre- and post-judgment interest as allowable by law.

23.     Mullins tendered the *Winslow* complaint to Everest, demanding a defense and indemnification against the claims asserted therein.

24.     Mullins has performed its obligations to Everest under the Policies and the Umbrella Policies, including as to its tender of the *Winslow* complaint.

25.     On October 19, 2023, Everest declined coverage and refused to provide Mullins with a defense in *Winslow*. A true and correct copy of Everest' letter denying coverage is attached as **Exhibit 8**.

26.     Everest has denied that it will owe an obligation to indemnify Mullins against the claims asserted in *Winslow* under any circumstances.

27.     Mullins has undertaken its own defense in *Winslow* and incurred expenses, including attorney's fees, in defending itself.

<u>COUNT I</u>
**DECLARATORY JUDGMENT**

28.     Mullins incorporates the allegations of paragraphs 1 through 27 as though fully stated herein.

29.     The *Winslow* complaint asserts claims of injury on behalf of putative class members arising from Mullins' written publication of material that violates a person's right of privacy in violation of BIPA.

30.     The *Winslow* complaint alleges that Mullins' BIPA violations took place during the policy periods covered by the Policies and the Umbrella Policies.

31.     The *Winslow* complaint alleges that Mullins' written publication of material that violates a person's right of privacy in violation of BIPA took place within the coverage territory encompassed by the Policies and the Umbrella Policies.

32.     Mullins contends that the *Winslow* complaint seeks damages and other relief for "personal and advertising injury" as that phrase is defined in the Policies and the Umbrella Policies.

33.     Mullins contends that it is entitled to a defense against the claims asserted in *Winslow* pursuant to the Policies and the Umbrella Policies.

34.     Everest denies that Mullins is entitled to a defense against the claims asserted in *Winslow* pursuant to the Policies and the Umbrella Policies.

35.     A justiciable controversy exists between Mullins and Everest as to Everest's duty to defend and indemnify Mullins against the claims asserted in *Winslow*.

WHEREFORE, Plaintiff Mullins seeks a declaration pursuant to 28 U.S.C. § 2201(a) that Defendant Everest is obligated to defend and indemnify Mullins against the claims asserted against it in *Winslow* and such other relief as the Court deems just.

<u>**COUNT II**</u>
**BREACH OF CONTRACT**

36.     Mullins incorporates the allegations of paragraphs 1 through 27 as though fully stated herein.

37.     The *Winslow* complaint asserts claims of injury on behalf of putative class members arising from the written publication of material that violates a person's right of privacy in violation of BIPA.

38.     The *Winslow* complaint alleges that Mullins' written publication of material that violates a person's right of privacy in violation of BIPA requirements occurred during the relevant policy periods.

39.     Mullins timely tendered the *Winslow* complaint to Everest, demanding a defense against the claims asserted therein.

40.     Mullins has performed its obligations to Everest under the Policies and the Umbrella Policies, including as to its tender of the *Winslow* complaint.

41.     Everest has declined coverage and refused to provide Mullins with a defense in *Winslow*. *See* Ex. 8.

42.     Everest has denied that it will owe an obligation to indemnify Mullins against the claims asserted in *Winslow* under any circumstances. *See id.*

43.     By failing to provide a defense to Mullins in *Winslow* and repudiating its duty to defend and indemnify Mullins in connection with *Winslow*, Everest has failed to fulfill its obligations to Mullins under the Policies and the Umbrella Policies.

44.     Everest's breach of its obligation to provide Mullins with a defense in *Winslow* has required Mullins to engage defense counsel and fund its own defense costs, including attorney's fees and other expenses, to defend against the claims asserted in *Winslow*.

45.     Mullins has sustained actual damages in the form of attorney's fees and other defense costs and will continue to incur further damages because of Everest's breach of its obligation to provide Mullins with a defense in *Winslow*.

WHEREFORE, Plaintiff Mullins requests: (i) that judgment be entered in its favor and against Defendant Everest; (ii) that Mullins be awarded the damages caused by Everest's breach of its obligation to defend Mullins in *Winslow*, including, without limitation, attorney's fees and costs; and (iii) such other relief as the Court deems just.

Dated: October 25, 2023                              Respectfully submitted,

                                                     MULLINS FOOD PRODUCTS, INC.

By: /s/ David B. Goodman
     One of its attorneys

David B. Goodman – dg@glgchicago.com
   ARDC No. 6201242
Kalli K. Nies – kn@glgchicago.com
   ARDC No. 6318089
Christopher S. Hoffmann – ch@glgchicago.com
   ARDC No. 6336052
Goodman Law Group | Chicago
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
Tel: (312) 626-1888