**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Mullins Food Products, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-15324 |
| | ) | |
| Everest Premier Insurance Company, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>ORDER</u>

The defendant's motion to dismiss [20] is denied, for the reasons explained in the following statement. A telephonic status hearing is set for April 21, 2026 at 9:30 a.m.

## <u>STATEMENT</u>

The plaintiff, Mullins Food Products, Inc. ("Mullins Inc."), brought this action against the defendant, Everest Premier Insurance Company ("Everest"), regarding an insurance dispute. Everest issued three commercial umbrella liability policies to Mullins Inc. between 2019 and 2022. Compl. 3 ¶ 12, ECF No. 1. The policies included a provision promising to defend and indemnify Mullins Inc. for suits arising from "personal and advertising injury." *Id.* at 2–3 ¶ 9. In 2023, a class action was filed against Mullins Inc. in Illinois state court. *Id.* at 4 ¶ 17. Mullins Inc. asked Everest to defend it in the suit, but Everest declined coverage. *Id.* at 5 ¶¶ 24–25. Mullins Inc. then brought this action against Everest, seeking both a declaratory judgment and damages regarding Everest's alleged duty to defend and indemnify.

After Mullins Inc. filed its complaint (and an amended complaint), it converted itself to a limited liability company, Mullins Food Products, LLC ("Mullins LLC").[1] Mot. Dismiss 1, ECF No. 20. Everest moved to dismiss the complaint on the ground that Mullins Inc. is no longer the proper party in interest. *Id.* at 5–7. Everest argues that, under Illinois law, all of Mullins Inc.'s rights, privileges, and properties vested in Mullins LLC upon conversion, *id.* at 5, meaning that "[w]hen Mullins Inc. converted to Mullins LLC, any ability to enforce Mullins Inc.'s contract rights under the insurance policies that Defendants issued to Mullins Inc. vested in Mullins LLC," *id.* at 6. Because of that, Everest argues, Mullins Inc. runs afoul of the prudential standing limitation against enforcing the rights of third parties. *Id.* at 5; *Rawoof v. Texor Petrol. Co.*, 521 F.3d 750, 757 (7th Cir. 2008) ("One well-established prudential-standing limitation is the principle that a litigant cannot sue in federal court to enforce the rights of third parties."). In support of

---

[1] Although this information is not in the complaint, Mullins LLC does not dispute it, and lodges no objection to the Court's consideration of this fact.

dismissal, Everest points further to the Federal Rules of Civil Procedure, which require that an action be "prosecute[d] in the name of the real party in interest." Fed. R. Civ. P. 17(a)(2). Because Mullins LLC, not Mullins Inc., is the proper party to prosecute this case, Everest asks this Court to dismiss the action with prejudice.

Starting with prudential standing, the Court must look to Illinois law to determine which entity possesses substantive rights under the insurance contract. *Great W. Cas. Co. v. Nationwide Agribusiness Ins. Co.*, 167 F.4th 448, 460 (7th Cir. 2026) ("Fundamentally, insurance law and contract law are matters of state law. As a federal court sitting in diversity, our job is to apply Illinois law the way we think Illinois courts would apply it." (citation removed)). Illinois law says a converted entity is "the same entity without interruption as the converting entity," 805 Ill. Comp. Stat. 415/206(a)(1)(B) (West 2026), and that "except as provided by law other than this Act or the plan of conversion, all of the rights, privileges, immunities, powers, and purposes of the converting entity remain in the converted entity." *Id.* § 415/206 (a)(4). In other words, Mullins LLC is the same party as Mullins Inc. Mullins LLC is not asserting a third party's rights, but its own, posing no prudential standing issue.

As for Rule 17, the federal rules prescribe that a corporation's capacity to sue is determined according to the law under which it was organized. Fed. R. Civ. P. 17(b)(2). As discussed above, Mullins Inc. is the real party in interest, because it is the same exact entity as Mullins LLC under Illinois law. What's more, Illinois law further states that after conversion, the converted entity's new name ***may*** be substituted for the old name in a pending action. 805 Ill. Comp. Stat. § 415/206(a)(6). Mullins Inc. points out that the statute is permissive rather than mandatory, indicating that substituting Mullins LLC as the plaintiff is unnecessary.[2] Resp. 3–4, ECF No. 23. The Court agrees with that assessment—that portion of the statute makes clear that Mullins Inc. can continue to prosecute this action.

Everest makes one final plea to dismiss the action, arguing that the Court no longer has diversity jurisdiction over this action because Mullins LLC is a citizen of Delaware, like Everest. *See* Joint Status R. 5, ECF No. 22; Reply 4–5, ECF No. 27. But "diversity of citizenship is assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, (1991); *see also id.* ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."). Everest does not dispute that at the time of suit, the parties were diverse. Mullins LLC's conversion has no effect on this Court's subject-matter jurisdiction.

---

[2] The Court also notes that even if substitution were necessary, the Federal Rules say that a court may not "dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3).

For the reasons described above, Everest's motion to dismiss is denied.

Date: March 27, 2026

John J. Tharp, Jr.
United States District Judge